UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME SILVESTRE-MENDOZA,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>                                    Respondents. | Case No.: 3:25-cv-03206-RBM-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Jaime Silvestre-Mendoza's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a Guatemalan national who entered the United States in 2018 without being admitted or paroled. (Doc. 1 ¶ 16; Doc. 5-1 at 3.)[1] On September 25, 2025, Petitioner was arrested by ICE agents who were conducting an investigation into a different person.

---

[1] The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for all other filings.

1

(Doc. 1 ¶ 17.)  The Department of Homeland Security ("DHS") then commenced removal proceedings against Petitioner, alleging that he was subject to removal under Immigration and Nationality Act §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) as a noncitizen present in the United States who had not been admitted or paroled and who did not possess a valid entry or travel document.  (Doc. 5-1 at 3.)  Petitioner's individual merits hearing in immigration court is scheduled for March 9, 2026.  (Doc. 1 ¶ 19.)

On November 18, 2025, Petitioner filed his Petition.  (Doc. 1.)  The next day, the Court set a briefing schedule.  (Doc. 2.)  On November 28, 2025, Respondents filed their Return to Habeas Petition ("Response").  (Doc. 5.)

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.  DISCUSSION

Petitioner argues that his continued detention on the purported basis that 8 U.S.C. § 1225 governs his detention "contradicts both the plain text of the statute and controlling Ninth Circuit precedent" and violates the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 23–34.)  Respondents argue that Petitioner: (1) is jurisdictionally barred from bringing his claims under 8 U.S.C. § 1252(g) and § 1252(b)(9); (2) failed to exhaust remedies; and (3) is legally detained under § 1225(b)(2).  (Doc. 5 at 6–14.)

Respondents' arguments are identical to those recently addressed by the undersigned in *Alatorre Rodriguez v. LaRose*, Case No.: 3-25-cv-02940-RBM-JLB, 2025 WL 3456475,

at *2–5 (S.D. Cal. Dec. 2, 2025). In that decision, the Court found that: (1) it had jurisdiction to hear the petitioner's claims because they challenged the lawfulness of his ongoing detention rather than the decision to commence removal proceedings or any act to execute a removal order; (2) exhaustion would be futile because the Board of Immigration Appeals "is obligated to apply the binding precedent of *Matter of Yajure Hurtado*, 29 I & N. Dec. 216 (BIA 2025) to find that detention is mandatory;" and (3) "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for many years. *Id.* at *2–5 (quoting *Lopez Benitez v. Francis*, — F. Supp. 3d —, 2025 WL 2371588, at *3 (S.D.N.Y. Aug. 13, 2025)). The Court makes the same findings here.

There is no dispute that Petitioner was detained on September 25, 2025, after having resided in the United States for seven years. (Doc. 1 ¶¶ 16–17.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. Furthermore, the Court rejects Respondents' argument that "the proper remedy would be directing a bond hearing under § 1226(a)." (Doc. 5 at 14.) This argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION[2]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight.[4]

**IT IS SO ORDERED.**

DATE: December 8, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[3] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[4] This relief has been granted in similar matters. *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, — F. Supp. 3d —, 2025 WL 2689266, at *7–10 (N.D. Cal. Sept. 19, 2025); *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).